No. 70

FETTERMAN v. CLEVELAND HEIGHTS BOARD OF EDUCATION

Ohio Appeals, 8th Dist., Cuyahoga County No. 5030. Decided Oct. 29, 1923

85. APPEALS—Injunction case is appealable.

1065. SCHOOLS—Establishment and publication of educational survey held necessary and proper.

SULLIVAN, J.

Epitomized Opinion

First Publication of this Opinion

This was an action to restrain the Board of Education of Cleveland Heights from spending $1,100 based upon a contract entered into between a publisher and the Board of Education by which a survey of the school system was to be published to the electorate and all concerned in said school district. The plaintiff, a tax-payer, asked that the Board of Education be restrained from expending this money, claiming that the Board had no authority so to do. The survey had been duly authorized by said Board according to law. The lower court found for the plaintiff, and issued a permanent injunction. The defendant appealed the case. In entering a finding for the defendant, the Court of Appeals held:

1. An action for injunction and equitable relief is a chancery case under Art. 4, Sec. 6, of the constitution, and it is therefore appealable.

2. Publication of the survey was a "necessary provision" under GC. 7620 for the convenience and prosperity of the schools within the district, as the evidence disclosed that it was issued with a view to improving the school system, and as the evidence also showed that some sort of comparison with other school systems should constantly be made in order to advance its own educational system. Clark v. Cook, 103 OS. 465, distinguished; State v. Franizer, 77 OS. 7, followed.

Attorneys — A. Frank Counts, for Fetterman; Kerruish, Kerruish, Hartshorn & Spooner, for Board of Education.

---

No. 71

STEIN v. FRIES

Ohio Appeals, 8th Dist., Cuyahoga County No. 4719. Decided Dec. 24, 1923

182. BROKERS—Agent, employed to procure purchaser for remainder of sub-lease, interesting buyer to purchase permanent lease, to whom sub-lessor later sold his interest, is entitled to commission though purchase price was less than originally stated.

VICKERY, P. J.

Epitomized Opinion

First Publication of this Opinion

This was an action to recover a real estate commission. It appeared that Stein was to find a purchaser of a certain leasehold property owned by Fries on Huron road in the city of Cleveland. It also appeared that one Boehmke had a 99-year lease on the property and that Fries was a subtenant of a portion of said property. Stein was to find a purchaser of this sublease at 45 cents per square foot. Stein interested one Klein in the property, who afterwards purchased the 99-year lease direct, and later purchased from Fries his sublease at 27 cents per square foot. When Stein learned of the transaction he presented a claim for his commission. In holding that Stein was entitled to his commission, the Court of Appeals held:

1. As the agent was employed to procure a purchaser for the remainder of this lease and through the efforts of this agent the matter was brought to the attention of Klein, who subsequently purchased the property, the owner, Fries, reaped the benefit of the agent and was liable for the commission, although the purchase price was less than the amount contained in the original contract.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp, for Stein; Clum & Marty, for Fries.